RACHELE R. BYRD (SBN 190634)
MARISA C. LIVESAY (SBN 223247)
BRITTANY N. DEJONG (SBN 258766)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE WANG,<br><br>                Plaintiff,<br><br>  v.<br><br>AUDENTES THERAPEUTICS, INC.,<br>MATTHEW R. PATTERSON, LOUIS G.<br>LANGE, M.D., PH.D., MARK GOLDBERG,<br>M.D., JENNIFER JARRETT, SCOTT<br>MORRISON, THOMAS J. SCHUETZ, M.D.,<br>PH.D., JULIE ANNE SMITH,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Elaine Wang ("Plaintiff"), by her attorneys, makes the following allegations against Audentes Therapeutics, Inc. (sometimes referred to herein as "Audentes" or the "Company") and the members of the board of directors of Audentes (the "Board" or "Individual Defendants," along with Audentes, collectively referred to as the "Defendants"), for their violations of Sections 14(e), 14(d) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78n(d), 78t(a), SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, and Regulation G, 17 C.F.R. § 244.100, in connection with the proposed acquisition (the "Proposed Transaction") of Audentes by affiliates of Astellas Pharma Inc. ("Astellas"). The allegations in this complaint are based on the personal knowledge of Plaintiff as to herself and on information and belief (including the investigation of counsel and review of publicly available information) as to all other matters stated herein.

## **INTRODUCTION**

1. This is an action brought by Plaintiff against Audentes and the members Audentes board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Audentes by affiliates of Astellas.

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on December 16, 2019 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Asilomar Acquisition Corp. ("Merger Sub"), a wholly owned subsidiary of Astellas, will merge with and into Audentes, with Audentes continuing as the surviving corporation and an indirect, wholly owned subsidiary of Astellas (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Audentes common share issued and outstanding will be converted into the right to receive $60.00 per share in cash (the "Merger Consideration"). In accordance with the Merger

1   Agreement, Merger Sub commenced a tender offer to acquire all of Audentes's outstanding common
2   stock and will expire on January 14, 2019.

3       3.      Defendants have now asked Audentes's stockholders to support the Proposed
4   Transaction based upon the materially incomplete and misleading representations and information
5   contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the
6   Exchange Act.   Specifically, the Solicitation Statement contains materially incomplete and
7   misleading information concerning, among other things, (i) Audentes's financial projections relied
8   upon by the Company's financial advisor, Centerview Partners LLC ("Centerview") in its financial
9   analysis; and (ii) the data and inputs underlying the financial valuation analyses that support the
10  fairness opinions provided by Centerview. The failure to adequately disclose such material
11  information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as
12  Audentes stockholders need such information in order to tender their shares in support of the
13  Proposed Transaction.

14      4.      It is imperative that the material information that has been omitted from the
15  Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the
16  tender offer.

17      5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants
18  from taking any steps to consummate the Proposed Transaction unless and until the material
19  information discussed below is disclosed to Audentes's stockholders or, in the event the Proposed
20  Transaction is consummated, to recover damages resulting from the Defendants' violations of the
21  Exchange Act.

22                              **JURISDICTION AND VENUE**

23

24      6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act
25  (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations
26  of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

27      7.      Personal jurisdiction exists over each Defendant either because each is an individual
28  who is either present in this District for jurisdictional purposes or has sufficient minimum contacts

1    with this District as to render the exercise of jurisdiction over defendant by this Court permissible

2    under traditional notions of fair play and substantial justice.

3          8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. §

4    78aa, as well as under 28 U.S.C. § 1391, because Audentes is headquartered in this District.

5                                              **PARTIES**

6          9.      Plaintiff is, and has been at all relevant times, the owner of Audentes common stock

7    and has held such stock since prior to the wrongs complained of herein.

8          10.     Individual Defendant Matthew R. Patterson has served as a member of the Board

9    since the Company's inception in November 2012, and is currently the Chairman of the Board and

10   Chief Executive Officer.

11         11.     Individual Defendant Louis G. Lange, M.D., Ph.D. has served as a member of the

12   Board since 2018.

13         12.     Individual Defendant Mark Goldberg, M.D. has served as a member of the Board

14   since 2017.

15         13.     Individual Defendant Jennifer Jarrett has served as a member of the Board since

16   2017.

17         14.     Individual Defendant Scott Morrison has been a member of the Board since 2015.

18         15.     Individual Defendant Thomas J. Schuetz, M.D., Ph.D. has served as a member of the

19   Board since 2013.

20         16.     Individual Defendant Julie Anne Smith has served as member of the Board since

21   2016.

22         17.     Defendant Audentes is incorporated in Delaware and maintains its principal offices at

23   600 California Street, 17th Floor, San Francisco, California 94108. The Company's common stock

24   trades on the NASDAQ Stock Exchange under the symbol "BOLD."

25         18.     The defendants identified in paragraphs 10-16 are collectively referred to as the

26   "Individual Defendants" or the "Board."

27         19.     The defendants identified in paragraphs 10-17 are collectively referred to as the

28   "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.    The Proposed Transaction

20.    Audentes, a clinical stage biotechnology company, focuses on developing and commercializing gene therapy products for patients living with serious, life-threatening rare diseases caused by single gene defects. The company is developing AT132, which is in Phase I/II clinical studies for the treatment of X-linked myotubular myopathy (XLMTM); AT342 that is in Phase I/II clinical studies to treat crigler-najjar syndrome; AT845, which is in preclinical studies for the treatment of pompe disease; and AT307 to treat CASQ2 subtype of catecholaminergic polymorphic ventricular tachycardia. It is also developing vectorized antisense treatments for the treatment of duchenne muscular dystrophy and myotonic dystrophy type 1. The company has a collaborative development agreement with Genethon to research, develop, manufacture, and commercialize products for the treatment of XLMTM; and a license and collaboration agreement with the University of Pennsylvania to research, develop, sell, and import licensed products for the treatment of crigler-najjar. Audentes Therapeutics, Inc. was founded in 2012 and is headquartered in San Francisco, California.

21.    On November 11, 2019, the Company and Astellas jointly announced the Proposed Transaction:

> TOKYO & SAN FRANCISCO--(BUSINESS WIRE)--Astellas Pharma Inc. (TSE: 4503, President and CEO: Kenji Yasukawa, Ph.D., "Astellas") and Audentes Therapeutics, Inc. (NASDAQ: BOLD, Chairman and CEO: Matthew R. Patterson, "Audentes"), today announced that they have entered into a definitive agreement for Astellas to acquire Audentes at a price of US$60.00 per share in cash, representing a total equity value of approximately US$3 billion.
>
> "Recent scientific and technological advances in genetic medicine have advanced the potential to deliver unprecedented and sustained value to patients, and even to curing diseases with a single intervention," said Kenji Yasukawa, President and CEO, Astellas. "Audentes has developed a robust pipeline of promising product candidates which are complementary to our existing pipeline, including its lead program AT132 for the treatment of X-Linked Myotubular Myopathy (XLMTM). By joining together with Audentes' talented team, we are establishing a leading position in the field of gene therapy with the goal of addressing the unmet needs of patients living with serious, rare diseases."

"We are very pleased to enter into this merger agreement with Astellas," stated Matthew R. Patterson, Chairman and Chief Executive Officer of Audentes. "With its focus on innovative science and a global network of research, development and commercialization resources, we believe that operating as part of the Astellas organization optimally positions us to advance our pipeline programs and serve our patients."

The acquisition of Audentes represents a key step in the expansion of the Astellas Focus Area approach, under which Astellas strives to create innovative medicines for diseases with high unmet medical needs by identifying unique combinations of biology and therapeutic modality/technology based on emerging science. In addition to the four Primary Focus Areas in which Astellas currently prioritizes its investment, with the acquisition of Audentes, the company is adding a fifth Primary Focus Area in Genetic Regulation, under which gene therapy will be a key driver of the company's future growth.

Strategic Significance of the Acquisition

- Accesses the near-term growth opportunity of AT132, in development for the treatment of XLMTM, a serious, life-threatening, rare neuromuscular disease that is characterized by extreme muscle weakness, respiratory failure and early death.
- Accelerates the development of a robust pipeline of potentially best-in-class genetic medicines for rare neuromuscular diseases, by combining Astellas' scientific capabilities and global resources with Audentes' AAV gene therapy technology platform, in-house large-scale cGMP manufacturing and neuromuscular development expertise.
- Creates the opportunity for additional gene therapy partnerships and pipeline expansion through leveraging Audentes' manufacturing capabilities and its valued relationships with patient groups, academic collaborators and scientific advisors.

Transaction Details

Under the agreement, which has been unanimously approved by the boards of directors of both Astellas and Audentes, Astellas will acquire Audentes through Asilomar Acquisition Corp., a wholly-owned subsidiary of Astellas US Holding, Inc. ("Asilomar"). Asilomar will commence a tender offer for all outstanding shares of common stock of Audentes, for a price of US$60.00 per share in cash (the "Tender Offer"). Promptly upon successful completion of the Tender Offer, Asilomar will be merged into Audentes, and any remaining shares of common stock of Audentes will be canceled and converted into the right to receive the same US$60.00 per share price. The board of directors of Audentes has resolved to recommend that Audentes stockholders tender their shares to Astellas.

Financial Details and Closing Conditions

Consummation of the transaction is subject to customary closing conditions, including US antitrust clearance and the tender of a majority of Audentes' outstanding shares of common stock. The offer price represents a premium of 110% to Audentes' closing share price of US$28.61 on December 2, 2019. The all-cash transaction is valued at approximately US$3 billion including the purchase of all common shares, options, restricted stock units and other securities. The Tender Offer period is expected to commence in the next few weeks and to expire 20 business days after its commencement, unless otherwise extended. If the Tender Offer conditions are not satisfied, Astellas may be required to extend the Tender Offer under certain circumstances.

Astellas is still reviewing the impact of a consummation of the transaction on its financial results for the fiscal year ending March 31, 2020.

Morgan Stanley & Co. LLC, acting through its affiliate Mitsubishi UFJ Morgan Stanley Securities Co., Ltd., is acting as exclusive financial advisor to Astellas and Covington & Burling LLP is acting as its legal counsel.

Centerview Partners LLC is acting as exclusive financial advisor to Audentes and Fenwick & West LLP is acting as its legal counsel.

22.     It is therefore imperative that Audentes's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.     <u>The Materially Incomplete and Misleading Solicitation Statement</u>**

23.     On December 16, 2019, Audentes filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

24.     With respect to Centerview's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the implied terminal values for the Company; (ii) the basis for

applying a perpetual growth rate ranging from 10.0% to 20.0%; (iii) the basis for applying the range of discount rates from 11.0% to 13.0%; (iv) the number of fully diluted shares of common stock outstanding as of November 29, 2019. Solicitation Statement at 35-36.

25.    With respect to Centerview's consideration of stock price targets for the Shares in publicly available Wall Street research an analyst reports, which indicated low and high stock price targets for the Company's common stock ranging from $10.00 to $55.00 per share, the Solicitation Statement fails to disclose the stock price targets observed and the sources of each target. Solicitation Statement at 36.

26.    With respect to Centerview's analysis of premiums paid in the selected transactions, the Solicitation Statement fails to disclose the premiums of each observed transaction. Id.

27.    In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I
### Violations of Section 14(e) of the Exchange Act
### (Against All Defendants)

28.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

29.    Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

30.    Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly

disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

31.     The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

32.     In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

33.     The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

34.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

35.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT II
### Violations of Section 14(d)(4) of the Exchange Act and
### Rule 14d-9 Promulgated Thereunder
### (Against All Defendants)

36.     Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

37.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

38.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

39.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

40.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

41.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III
### Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

42.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of Audentes within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Audentes, and participation in and/or awareness of the Company's operations and/or

intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Audentes, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Audentes, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

46.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

47.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

49.   Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.   Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B.   Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.   Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.   Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.   Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  December 20, 2019

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

By*:    /s/ Rachele R. Byrd*
RACHELE R. BYRD
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

COMPLAINT FOR VIOLATIONS OF SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934

1

2          Of Counsel:

3          **WOLF HALDENSTEIN ADLER**
              **FREEMAN & HERZ LLP**
4          GLORIA KUI MELWANI
           270 Madison Avenue
5          New York, NY 10016
           Telephone: (212) 545-4600
6          Facsimile: (212) 686-0114

7          ***Counsel for Plaintiff***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25         807476

26

27

28

---

COMPLAINT FOR VIOLATIONS OF SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE
ACT OF 1934